IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deserea Murray,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-23-00153-TUC-AMM<br><br>**ORDER** |

　　　　On June 5, 2024, Magistrate Judge Maria S. Aguilera issued a Report and Recommendation (R&R) recommending that this Court affirm the Administrative Law Judge's (ALJ's) denial of Social Security benefits. (Doc. 25.) Plaintiff filed objections to the R&R, and the Commissioner responded. (Docs. 28, 29.) For the following reasons, the Court will overrule the objections and affirm the R&R.

　　　　A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Unobjected portions of an R&R are reviewed for clear error. *See Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012). A district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations" of the magistrate judge. 28 U.S.C. § 636(b)(1).

　　　　Plaintiff raises two objections to the R&R. First, Plaintiff argues that the Magistrate Judge erred by affirming the ALJ's discounting of Plaintiff's symptom testimony. (Doc. 25 at 3-8.) Second, Plaintiff argues that the Magistrate Judge erred by

affirming the ALJ's evaluation of the medical opinion evidence. (*Id*. at 8-12.) The Court addresses each objection in turn.

## I. The ALJ did not err in discounting Plaintiff's symptom testimony.

Plaintiff has been diagnosed with and received mental health treatment for depression, post-traumatic stress-disorder (PTSD), and personality disorder. (AR 16, 18-25.) At a telephonic hearing before the ALJ in February 2022 and in an October 2020 function report, Plaintiff testified regarding her mental health symptoms' impact on her ability to work. (AR 36-49, 226-32.) At the hearing, Plaintiff testified that she is the sole caretaker of her seven-month-old son. (AR 38.) She testified that she handles chores on her own and that she watches television or uses the Internet approximately 14 hours per day. (AR 39.) Plaintiff testified that she does not drive and either walks or her family transports her. (AR 40.) Plaintiff testified that she experiences medication-related drowsiness and sleeps an average of six hours per night with frequent awakenings due to nightmares. (AR 40-41.)

Plaintiff stated that she finds it "very hard" to work with others, that she has "trust problems" which manifest as paranoia, and that she sometimes "flip[s] out" if she does not get her way. (AR 41-42.) Plaintiff testified that she experiences a "depression mode" where she self-isolates and does not shower for multiple days, and that her family calls to check on her during these times. (AR 42.) Plaintiff testified that she has difficulty understanding and comprehending directions. (*Id*.) She further testified that she sometimes gets "frustrated" when people try to help her or explain things to her. (AR 43.)

Plaintiff testified that she speaks with her family in California daily and that they help her manage her anger and emotional issues. (AR 46.) She further testified that she gets angry when strangers try to talk to her, for example, when she is on the bus. (AR 46-49.) Plaintiff testified that she "stay[s] away from people" and stays home due to her anger issues and the problems that occur when she interacts with others.[1] (AR 48-49.) She further testified that she has more control over her anger now than she did in the past.

---
[1] Plaintiff was incarcerated from 2018 to 2020 due to a domestic violence incident with her ex-boyfriend. (AR 47-48.)

(AR 48.)

In a function report, Plaintiff reported difficulty remembering, concentrating, understanding, following directions, getting along with others, handling stress, and adjusting to change. (AR 231-232.)

Upon consideration of the record, the ALJ limited Plaintiff to work requiring her to "understand, remember, and carry out simple job instructions only" and requiring "only occasional interaction with co-workers, the public, and supervisors."[2] In making this determination, the ALJ found that Plaintiff had a "mild" limitation in her ability to understand, remember, or apply information, a "moderate" limitation in her ability to interact with others, a "moderate" limitation in concentrating, persisting, or maintaining pace, and a "mild" limitation in her ability to adapt or manage herself. (AR 18-19.) The ALJ further found that Plaintiff's symptom testimony was "not entirely consistent" with the medical and other evidence in the record, but the record as a whole did support "some limitation." (AR 20.) Specifically, the ALJ found that Plaintiff's symptom testimony was inconsistent with (1) the objective medical evidence, (2) Plaintiff's conservative treatment, (3) Plaintiff's reports to her medical providers, and (4) Plaintiff's daily activities. (*See* doc. 25 at 3; AR 22.)

The R&R recommends affirming the ALJ's analysis of Plaintiff's symptom testimony because it is supported by substantial evidence and because the ALJ provided specific, clear, and convincing reasons for discounting the testimony. Doc. 25 at 3; *see Smartt v. Kijakazi*, 53 F.4th 489 (9th Cir. 2022). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Glanden v. Kijakazi*, 86 F.4th 838, 843 (9th Cir. 2023). The clear-and-convincing standard requires an ALJ to "show [her] work" and is satisfied when "the ALJ's rationale is clear enough that it has the power to convince." *Smartt*, 53 F.4th at 499.

Plaintiff argues that the ALJ erred by failing to link the inconsistent evidence with

---

[2] "Occasional" is defined as "very little to one-third of the time." (AR 19.)

- 3 -

any particular symptom alleged by Plaintiff. (Doc. 28 at 2-4.) In support of this argument, Plaintiff cites *Ferguson v. O'Malley*, 95 F.4th 1194 (9th Cir. 2024). In *Ferguson*, the Ninth Circuit held that the ALJ failed to offer clear, convincing, and specific reasons for discounting the plaintiff's headache symptom testimony and reversed the district court's affirmation of the ALJ's decision to deny benefits. 95 F.4th at 1204. The ALJ in that case discounted the plaintiff's testimony regarding his headache symptoms by citing evidence of his normal examination results. *See id*. at 1200-1. However, in *Ferguson*, nothing in the normal examination results suggested or indicated that the plaintiff's symptoms were less severe than alleged, and the ALJ cited that evidence without explaining how it was related to plaintiff's testimony about the frequency and severity of his headache symptoms. *See id*. The Ninth Circuit found that the ALJ failed to meet the clear-and-convincing standard because he failed to explain how the medical evidence was inconsistent with the symptom testimony. *Id*.

Having reviewed the relevant portions of the record, the parties' arguments and objections, the ALJ's decision, and the R&R, the Court finds Plaintiff's reliance on *Ferguson* unpersuasive. Here, the Magistrate Judge found, and the Court agrees, that the ALJ adequately explained how and why the alleged severity of Plaintiff's mental health symptoms was inconsistent with the medical evidence in the record. (Doc. 25 at 3-8.) The R&R cites records relied upon by the ALJ showing that Plaintiff was cooperative with medical providers, was described as being calm, cooperative, and social, and had "intact" memory, "fair" concentration, and "normal" alertness. (*Id*. at 4-5.) The ALJ considered Plaintiff's "long history of mental health conditions and mental health treatment" and concluded that her conservative treatment history was inconsistent with the severity of her symptom testimony. (AR 20-21; doc. 25 at 5.) The ALJ further considered Plaintiff's statements to her medical providers that she was experiencing only mild mental health symptoms and was "doing well" at times. (Doc. 25 at 6.) Lastly, the ALJ considered Plaintiff's daily activities and found that they were inconsistent with Plaintiff's alleged degree of limitation and showed the "relatively intact nature of [Plaintiff's] mental

functioning." (AR 22; doc. 25 at 6-7.)[3]

The Court has reviewed the evidence cited and relied upon by the ALJ and agrees with the Magistrate Judge that it constitutes substantial evidence sufficient to affirm the ALJ. *See Glanden*, 86 F.4th 843. Even if evidence is susceptible to more than one rational interpretation, the ALJ's findings must be upheld "if they are supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). Here, the ALJ's conclusions regarding the persuasiveness of Plaintiff's testimony are supported by the evidence documenting Plaintiff's mental health treatment history and her daily activities, even if the evidence could be interpreted differently. Therefore, because the ALJ's analysis of Plaintiff's symptom testimony is supported by substantial evidence and free of legal error, the R&R is affirmed, and the objection is overruled as to this issue.

**II.  The ALJ did not err in evaluating the medical opinion evidence.**

The regulations governing cases filed after March 27, 2017 provide that an ALJ will consider all medical opinions and, at a minimum, articulate how the ALJ evaluated the opinions' supportability and consistency. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The ALJ must "'articulate . . . how persuasive' [he] finds 'all of the medical opinions' from each doctor or other source . . . and 'explain how [he] considered the supportability and consistency factors' in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(b)). The supportability factor considers whether and to what extent the medical opinion includes relevant objective medical evidence and supporting explanations. 20 C.F.R. § 416.920c(c)(1). The consistency factor addresses whether the medical opinion is consistent "with the evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 416.920c(c)(2). The ALJ must address supportability and consistency but need not

---

[3] For example, Plaintiff lived alone, took care of her young child, handled chores and personal care, spent her days watching television and using the Internet, used public transportation, went to stores, the library, and community centers, and reported socializing with others approximately one time per week. (*See* AR 22.) Plaintiff also had positive experiences at previous jobs and pro-social ties and interactions. (*Id.*)

- 5 -

explain how other factors were considered in reaching a decision. 20 C.F.R. § 416.920c(b)(2).

Plaintiff objects that the ALJ's analysis of Nurse Practitioner (NP) Scott Kristie's medical opinion was not supported by substantial evidence. (Doc. 28 at 4-5.) Specifically, NP Kristie found that Plaintiff had marked limitations in concentrating, persisting, or maintaining pace and in adapting and managing herself, and moderate limitations in interacting with others and in understanding, remembering, or applying information. (AR 24.) Plaintiff argues that NP Kristie's opinion is consistent with both unremarkable mental status examinations and with disabling limitations. (*Id*.)

The ALJ found NP Kristie's opinions "not persuasive" because they were not supported by (1) his own treatment notes, which documented Plaintiff's "relatively intact mental exam findings" or (2) his letter dated September 2022 stating that Plaintiff demonstrated normal relational abilities in caring for her child and that he had no concerns about her ability to do so. (AR 24.) The ALJ also found NP Kristie's opinion inconsistent with other evidence in the record. (*Id*.)

The R&R found the ALJ's findings regarding the persuasiveness of NP Kristie's opinion supported by substantial evidence. (Doc. 25 at 10.) The Court agrees with the R&R. Multiple records from the relevant period document Plaintiff's unremarkable mental and emotional presentation and functioning, which the ALJ rationally found did not support NP Kristie's opinion that Plaintiff had marked or moderate limitations in her mental functioning. (Doc. 25 at 10; AR 24.) The Court finds no basis to conclude that the ALJ's evaluation of NP Kristie's opinion was not supported by substantial evidence. *See Tommasetti*, 533 F.3d at 1038 ("Even if evidence is susceptible to more than one rational interpretation, the ALJ's findings must be upheld if they are supported by inferences reasonably drawn from the record.")

Plaintiff also argues that the ALJ's evaluation of the medical opinion of Dr. Rohen, a consulting psychologist, was not supported by substantial evidence. (Doc. 28 at 4-5.) Plaintiff objects to the Magistrate Judge's adoption of the ALJ's finding that Dr.

Rohen's opinion was "somewhat persuasive." (Doc. 25 at 11-12; doc. 28 at 5; AR 25.) The ALJ found Dr. Rohen's opinion "somewhat persuasive" because it contained "some" relevant support and explanation and was "generally consistent" with other evidence. (AR 25.) The ALJ found Dr. Rohen's opinion regarding Plaintiff's "inappropriate" social behavior "somewhat vague." (*Id.*) Plaintiff disagrees with the ALJ's characterization of Dr. Rohen's opinion on Plaintiff's social limitations as "vague" and disputes the ALJ's interpretation of the evidence. (Doc. 28 at 5.) The Magistrate Judge found that the ALJ's analysis of Dr. Rohen's opinion was rational and supported by substantial evidence. (Doc. 25 at 11-12.)

Upon review, the ALJ's analysis of Dr. Rohen's opinion was supported by substantial evidence and did not contain legal error. *See Wischmann v. Kijakazi*, 68 F.4th 498, 504 (9th Cir. 2023). The ALJ adequately considered the consistency and supportability of the opinion and cited specific evidence in the record supporting her analysis. It was rational for the ALJ to find Dr. Rohen's opinion partially persuasive based on its level of consistency with other evidence and the amount of support provided in the opinion. Even if the Court might have weighed the evidence differently, that is not its role. *Tommasetti*, 533 F.3d at 1038; *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") As such, the Magistrate Judge correctly determined that the ALJ did not err in her analysis of the medical opinion evidence, and the objection is overruled as to this issue.

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

The Court has reviewed Magistrate Judge Maria S. Aguilera's Report and Recommendation, the parties' briefs, and the record. The Court finds no error in Magistrate Judge Aguilera's Report and Recommendation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Objections (doc. 28) are **overruled**.

**IT IS FURTHER ORDERED** that the Report and Recommendation (doc. 25) is **accepted and adopted in full**, and the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and close this case.

Dated this 28th day of August, 2024.

_____
Honorable Angela M. Martinez
United States District Judge